UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY RASKE,<br><br>              Plaintiffs,<br><br>    v.<br><br>AMALGAMATED TRANSIT UNION LOCAL 1637, et al.,<br><br>              Defendants. | Case No. 2:13-cv-00748-MMD-PAL<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 6; Plf.'s Emergency Motion for Temporary Injunctive Relief – dkt. no. 5) |

**I.  SUMMARY**

Before the Court are Defendants Amalgamated Transit Union Local 1637 ("ATU 1637") and Jose Mendoza's (collectively referred to as "Defendants") Motion to Dismiss (dkt. no. 6) and Plaintiff Jeffrey Raske's Emergency Motion for Temporary Injunctive Relief (dkt. no. 5). For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiff's Emergency Motion for Temporary Injunctive Relief is denied.

**II.  BACKGROUND**

This case arises from Plaintiff's removal from his position as the elected Financial Secretary of ATU 1637 and his subsequent termination from Veolia Transportation, the operator of the urban transit system for the Regional Transportation Commission of Southern Nevada during the period at issue in this case. Plaintiff states that he was elected to the position of Financial Secretary of ATU 1637 in July 2010. At that time, he asserts he was given a leave of absence from his duties at Veolia in order to fulfill his full-time responsibilities as a union official. He was suspended in April 2012 from his role

as Financial Secretary, which was scheduled to conclude in July 2013. In September 2012, the President of the Amalgamated Transit Union ("ATU"), Lawrence Hanley, ordered Defendant Mendoza, the President and Business Agent of ATU 1637, to reinstate Plaintiff as Financial Secretary. Hanley asserts, though, that once he was informed by Mendoza that Plaintiff was behind on his union dues, he retracted his conclusion that Plaintiff should be reinstated.  Defendants ATU 1627 and Mendoza claim that Plaintiff has been behind on his union dues since May 2012.

Plaintiff alleges that he was ordered by Defendant Mendoza to return to work at Veolia in early 2012. Plaintiff refused and was terminated from his employment with Veolia in August 2012.

Plaintiff filed his Complaint on April 30, 2013, and moved for an emergency temporary injunction on May 14, 2013. On May 30, 2013, ATU 1637 and Mendoza (1) moved to dismiss the case for failure to state a claim and improper service, and (2) responded to Plaintiff's request for a temporary injunction. Plaintiff responded to the Motion to Dismiss on June 11, 2013.

III.     DISCUSSION

     A.     Motion to Dismiss

          1.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient
///

2

factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Plaintiff's *pro se* Complaint focused on his removal as Financial Secretary of ATU 1637 and his ability to run for a second term. He asked that this Court (1) require Defendants to reinstate Plaintiff as Financial Secretary; (2) postpone the election for Financial Secretary; (3) require that Plaintiff remain Financial Secretary until a new election can be held after the conclusion of this action; (4) hold that Plaintiff is eligible for the Financial Secretary position; (5) require that Defendants do not obstruct Plaintiff in accomplishing his duties as Financial Secretary; and (6) award damages.

///

///

### a.    LMRDA: Removal from Office

The only federal legal authority that Plaintiff offers in support of his claims is the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411. Indeed, Plaintiff only directs the Court to 29 U.S.C. § 411(a)(1), which establishes equal rights among members of a labor organization. This provision does not address Plaintiff's complaints regarding his removal as a union elected official and thus cannot provide a legal basis for reinstatement. To the extent that Plaintiff relies upon § 411(a)(5)'s safeguards against improper disciplinary action, this section is not intended to protect union members in positions as union officers or as union employees. Instead, it is meant to protect "rank-and file union members" against threats to their union membership. *Finnegan v. Leu*, 456 U.S. 431, 437 (1982) ("[I]t was rank-and-file union members — not union officers or employees, as such — whom Congress sought to protect."). The Supreme Court has made clear that unlike removal of membership, "discharge from union employment does not impinge upon the incidents of union membership, and affects union members only to the extent that they happen to be union employees." *Id.* at 438.

Plaintiff, therefore, points to no federal legal authority that would support his claims regarding his removal as Financial Secretary.  Plaintiff himself seems to concede this point in his Response to Defendants' Motion to Dismiss. (*See* dkt. no. 13 at 3 ("[T]he Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. 412, section 102 as a result of the failure of ATU 1637 to allow the Plaintiff to be nominated and run for a second term of office, not for his removal from office.").) However, absent such legal authority, Plaintiff cannot seek Court intervention to prevent Plaintiff's removal, to require reinstatement, or to award damages.

### b.    LMRDA: Nomination for Second Term in Office

In addition to seeking reinstatement as Financial Secretary, Plaintiff asserts a violation of his alleged right to be nominated for and run for a second term. While his Response to Defendants' Motion to Dismiss does not cite a specific subsection of 29

4

U.S.C. § 411, his Complaint directs the Court to § 411(a)(1). Despite this lack of clarity, the Court notes the well-established rule that pro se complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court therefore proceeds under the assumption that Plaintiff is alleging that 29 U.S.C. § 411(a)(1) prohibits Defendants from preventing his candidacy. The section states:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

The purpose of this regulation is to "promote union democracy." *Local No. 82, et al. v. Crowley*, 467 U.S. 526 (1984). In *Calhoon v. Harvey*, 379 U.S. 134, 138-39 (1964), the Supreme Court stated that this language "is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote."

First, as a threshold issue, Title I of the LMRDA, 29 U.S.C. §§ 411-15, only applies to union "members" or "members in good standing." *Masters v. Screen Actors Guild*, No. 04-CV-2102-SVW, 2004 WL 3203950, at *4 (C.D. Cal. Dec. 8, 2004) (internal citations omitted). For § 411(a) to apply to Plaintiff, he must be a union member. It is not clear that Plaintiff was a union member at the time he filed his case. He states in his Complaint that "Plaintiff has been removed from the membership roll of the local and international union by Defendant ATU 1637 as a result of the illegal and deliberately improper actions of Defendant Mendoza." (Dkt. no. 1 ¶ 26.) In order to proceed under this statute, Plaintiff would need to allege facts demonstrating union membership.

Second, even if the Court assumes that Plaintiff is a union member and can bring a LMRDA challenge under Title I, Plaintiff does not make specific allegations about why ATU 1637's determination that he was ineligible for office is unlawful. The mere fact that he was prohibited from running for office is not, on its own, a sufficient basis for

jurisdiction under § 411(a)(1). The Ninth Circuit has found a cause of action under § 411(a)(1) only when there is a "specific instance of discrimination in application of rules and procedures." *Acri v. Int'l Ass'n of Mechinists and Aerospace Workers, et al.*, 595 F. Supp. 326, 333 (C.D. Cal. 1984). Plaintiff has not articulated such an allegation against Defendants.

### 2.     State Law Claim

Plaintiff also alleges a state law claim for negligence. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court may decline to exercise supplemental jurisdiction over a plaintiff's remaining state-law claims if it "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This decision is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Here, the claims over which the Court had original jurisdiction were dismissed, leaving only a supplemental state law negligence cause of action.  The Court declines to exercise supplemental jurisdiction over this claim.

### 3.     Improper Service

Defendants ATU 1637 and Mendoza also argue that this case should be dismissed for insufficiency of service of process. Defendants are authorized to move to dismiss for insufficient service of process under Rule 12(b)(5). Plaintiff bears the burden of establishing the validity of service under Rule 4.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Courts are not required to dismiss a case for insufficient service. They have wide discretion to either dismiss the action or order proper service. *See Lyninger v. Motsinger*, 10-CV-504-RCJ, 2011 WL 769995, at *1 (D. Nev. Feb. 25, 2011).

///

At the time Defendants filed their Motion for Dismiss, Plaintiff had yet to file proof of service with the Court.  However, Plaintiff attached executed proof of service forms for all four defendants as exhibits to his Response to Defendants' Motion to Dismiss for Insufficiency of Service of Process. (Dkt. no. 15.) The proof of service forms state that they were executed on May 7, 2013, within 120 days of filing the Complaint. While these forms were not properly filed with the Court, this error is not sufficient to dismiss the claims.

### B.   Emergency Injunctive Relief

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additional requirements exist for granting preliminary injunctions in labor disputes. *See* 29 U.S.C. § 107.

Plaintiff seeks (1) to be reinstated as Financial Secretary, and (2) to temporarily postpone any election for the office of Financial Secretary until this action has been completed. For all of the reasons aforestated, Plaintiff has failed to demonstrate a likelihood of success on the merits for both claims. Additionally, the date for the scheduled election, May 29, 2013, has passed, precluding any finding of irreparable injury in the absence of extraordinary injunctive relief.

IT IS THEREFORE ORDERED that Defendants Amalgamated Transit Union Local 1637 and Jose Mendoza's Motion to Dismiss is GRANTED and Plaintiff's Emergency Motion for Temporary Injunctive Relief is DENIED.

DATED THIS 19th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE