UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY RASKE,<br><br>                            Plaintiffs,<br><br>v.<br><br>AMALGAMATED TRANSIT UNION<br>LOCAL 1637, et al.,<br><br>                            Defendants. | Case No. 2:13-cv-00748-MMD-PAL<br><br>ORDER |

      Before the Court is Plaintiff Jeffrey Raske's Notice of Dismissal or Withdrawal of Complaint ("Notice of Dismissal"). (Dkt. no. 32.) Plaintiff's initial Complaint asserted claims against four defendants: Amalgamated Transit Union Local 1637 ("the Union"), Amalgamated Transit Union, Jose Mendoza, and Veolia Transportation. (Dkt. no. 1.) Defendant Veolia Transportation was dismissed pursuant to a stipulation for dismissal. (Dkt. no. 20.) The Union and Jose Mendoza filed a Motion to Dismiss. (Dkt. no. 6.) On June 19, 2013, the Court granted their Motion, dismissing claims under the Labor-Management Reporting and Disclosure Act of 1959 and declining to exercise jurisdiction over Plaintiff's supplemental state law claim for negligence. (Dkt. no. 18.)

      The parties have filed a series of motions that are not yet resolved. On June 18, 2013, the day before the Court's Order, Plaintiff filed a Motion to Amend (dkt. no. 17), and before the Court addressed that Motion, Plaintiff filed an Amended Complaint (dkt. no. 23). Plaintiff added Lawrence Hanley as a Defendant in his Amended Complaint, who was dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Dkt. no. 31.) The

Union and Mendoza objected to the filing of the Amended Complaint. (Dkt. no. 25.) Defendant Amalgamated Transit Union filed a Motion to Dismiss, based on insufficiency of process and failure to state a claim. (Dkt. no. 26.)  Plaintiff also filed a Motion for Reconsideration, seeking reconsideration of the Court's Order dismissing the federal claims against the Union and Mendoza. (Dkt. no. 21.)

Plaintiff's Notice of Dismissal offers several reasons why he is seeking dismissal. Plaintiff asserts that Defendants have not answered or filed a motion for summary judgment.  Plaintiff further asserts that because the Court has not addressed his motion to amend or request for reconsideration, there is "no further cause for this action to move forward in this court."

Federal Rule of Civil Procedure 41(a) provides that a plaintiff may voluntarily dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  While Defendants have not yet answered or moved for summary judgment, the Court has already dismissed claims against all but Defendant Amalgamated Transit Union.  Plaintiff has only moved for reconsideration on the Court's Order with respect to the Union and Mendoza.  Plaintiff cannot voluntarily dismiss claims against parties who have already been dismissed. Thus, the Court will construe Plaintiff's Notice of Dismissal as a request to withdraw his Motion to Amend and Motion for Reconsideration.

Defendant Amalgamated Transit Union has filed a Motion to Dismiss (dkt. no. 26), which the Court has not addressed.  Plaintiff thus may voluntarily dismiss Amalgamated Transit Union.

It is therefore ordered that Plaintiff's Motion to Amend (dkt. no. 17) and Motion for Reconsideration (dkt. no. 21) are deemed withdrawn. The claims against the sole remaining Defendant, Amalgamated Transit Union, are dismissed pursuant to Plaintiff's Notice of Dismissal.

///

///

It is further ordered that Defendants' Objection to Amended Complaint (dkt. no. 25), and Defendant Amalgamated Transit Union's Motion to Dismiss (dkt. no. 26), are denied as moot.

DATED THIS 23rd day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE